IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ORVIN HARRIS                                                        PETITIONER

v.                                          CIVIL ACTION NO.: 1:21-cv-392-HSO-MTP

J. VIGILANTE                                                        RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1]

pursuant to 28 U.S.C. § 2254 filed by Petitioner Orvin Harris and the Respondent's Motion to

Dismiss [6] pursuant to 28 U.S.C. § 2244(d). Having considered the parties' submissions and the

applicable law, the undersigned recommends that Respondent's Motion to Dismiss [6] be

granted and the Petition [1] be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY

On January 17, 2014, Petitioner was convicted of two counts of touching a child for

lustful purposes in the Harrison County Circuit Court. ([6-1]). The Circuit Court sentenced

Petitioner to serve consecutive 15-year terms, with 10 years on Count Two suspended, for a total

of 20 years in the custody of the Mississippi Department of Corrections.

With the assistance of counsel, Petitioner appealed his convictions and sentences to the

Mississippi Supreme Court which assigned the case to the Mississippi Court of Appeals. On

March 31, 2015, the court of appeals affirmed the trial court's judgment in a written opinion. *See*

*Harris v. State*, 165 So. 3d 473 (Miss. Ct. App. 2015).  Petitioner did not file a motion for

rehearing or otherwise seek to appeal that decision through writ of certiorari to the Supreme

Court of Mississippi. ([6-3]). Accordingly, Petitioner's convictions and sentences became final

on April 14, 2015, when the fourteen-day period to seek further review from the state court

expired. *See* Miss. R. App. P. 40(a).

Six years later, Petitioner filed the instant Petition for Writ of Habeas Corpus [1] in this

Court. On January 19, 2022, Respondent moved to dismiss the petition as untimely. (Motion to

Dismiss [6]). As Petitioner has filed his Response [14] and Respondent has replied, this matter is

now ripe for review.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner

seeking federal habeas relief must file a federal petition within one year from "the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th

Cir. 2003).  The Fifth Circuit has clarified the manner of determining when a state conviction

becomes final pursuant to Section 2244(d)(1)(A):

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the
> conclusion of direct review or the expiration of the time for seeking such review.
> We previously held that direct review includes a petition for writ of certiorari to
> the Supreme Court.  Therefore, the conclusion of direct review is when the
> Supreme Court either rejects the petition for certiorari or rules on its merits.  If the
> conviction does not become final by the conclusion of direct review, it becomes
> final by the expiration of the time for seeking such review.  We previously held
> that this includes the ninety days allowed for a petition to the Supreme Court
> following the entry of judgment by the state court of last resort.  If the defendant
> stops the appeal process before that point, the conviction becomes final when the
> time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

As Petitioner's convictions became final on April 14, 2015, his federal habeas petition

was due in this Court by April 14, 2016 (one year from the expiration of time Petitioner had to

seek further review in state court). Petitioner did not file his habeas petition in this Court until

December 13, 2021, more than six years after the judgment became final. Accordingly, the Petition is untimely unless the one-year statute of limitations is tolled by statute or for equitable reasons. *See* 28 U.S.C. § 2244(d).

**Statutory Tolling**

Statutory tolling is determined by 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending. Petitioner waited over six-years, until August of 2021, to file a motion for post-conviction relief. The Supreme Court of Mississippi denied Petitioner's application as time-barred, holding that his claims "related to an evidentiary matter or new evidence" were procedurally barred and that his remaining claims were without merit. ([7-10] at 2).

As Petitioner's first application for post-conviction collateral relief was filed well after the one-year statute of limitations had expired, it did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired*); see also Jenkins v. Csaszar*, No. 3:19CV864-CWR-RHW, 2020 WL 2120414, at *2 (S.D. Miss. Mar. 25, 2020), *report and recommendation adopted*, No. 3:19-CV-864-CWR-RHW, 2020 WL 2114367 (S.D. Miss. May 4, 2020) ("An application for state post-conviction relief filed outside the limitations period does not affect the one-year time bar for federal habeas relief; it does not toll the limitation period under § 2244(d)(2).").

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir. 1999).  Generally, equitable tolling is appropriate only in "rare and

exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable

tolling "applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*,

184 F.3d 510, 513 (5th Cir. 1999).  Additionally, in order to establish that he is entitled to

equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . .

." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).  Courts should "examine each case on its

facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).  Petitioner,

however, bears the burden of proving the existence of rare and exceptional circumstances which

warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner claims that he is unable to read and write and that he was therefore unaware of

the one-year limitations period to file the instant Petition. ([2-1] at 13).  However, "ignorance of

the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials

or legal assistance, and alleged inadequacies in the prison law library are not sufficient to warrant

equitable tolling." *Tate v. Parker,* 439 Fed. App'x. 375, 376 (5th Cir. 2011). Additionally,

unfamiliarity with the legal process "due to illiteracy or any other reason" does not merit

equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also U.S. Polbo–*

*Torres,* 2005 WL 81725, *2 (N.D.Tex. Jan. 13, 2005) ("Inability to speak or read the English

language is a disability common to many incarcerated persons and as such it does not warrant

equitable tolling."). Petitioner is not entitled to equitable tolling on this basis.

**Actual Innocence**

Petitioner also claims that he has new evidence showing he is actually innocent. The Supreme Court has explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare . . . ." *Id.*  In order for a petitioner to meet the threshold requirement, he must persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 824.

A habeas action is not a retrial, and Petitioner enjoys no presumption of innocence.  In fact, actual innocence claims "'come . . . before the habeas court with a strong—and in the vast majority of cases conclusive—presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup*, 513 U.S. at 326).  The issue for this Court is not whether reasonable doubt may have existed if new information were presented to the jury, but rather that no reasonable juror would have found the defendant guilty. *Schlup*, 513 U.S. at 329. Unjustifiable delay in presenting evidence purporting to show actual innocence is a factor to consider in determining whether actual innocence has been reliably shown. *McQuiggin*, 569 U.S. at 387.

At trial, evidence was presented that the ten-year-old victim was diagnosed with genital warts caused by the human papillomavirus ("HPV"), a sexually transmitted disease. ([7-5] at 81). Petitioner claims to have "newly discovered" evidence in the form of medical records from 2012 showing that his sexual partner during that time period did not have genital warts. ([1] at 6).

Petitioner argues that the "entire case was based on" the victim having genital warts, and that since his sexual partner did not have genital warts, he could not have committed the crimes. ([1] at 15).

Having considered the evidence and arguments presented by Petitioner, he has not submitted new, reliable evidence that was not presented or available at trial that persuades the Court that, "in light of the evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 386.

Ten-year-old medical records of Petitioner's "sexual partner," while perhaps newly obtained, are not "new." Evidence that was always within the reach of petitioner's personal knowledge or reasonable investigation does not qualify as "new" for a claim of actual innocence in this context. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). Petitioner knew or could have reasonably investigated into this information prior to trial. In fact, the medical records are dated prior to Petitioner being convicted, and the "sexual partner" in question testified at trial. ([2-1] at 5-8; [7-5] at 99 et seq.). Moreover, Petitioner could have presented evidence of his own medical condition regarding sexually transmitted diseases at trial, in a direct appeal, or in a properly filed motion for post-conviction relief.

Additionally, while Petitioner claims that the victim having genital warts was the "lynchpin" of the jury finding him guilty, the record shows otherwise. Petitioner was charged in Count I of "willfully and feloniously handl[ing], touch[ing] or rub[bing] with his hands the vagina of T.M.M." a child under the age of sixteen between September 2011 and July 2012. ([7-1] at 14). In Count II Petitioner was charged with "unlawfully, willfully, and feloniously handl[ing], touch[ing] or rub[bing] with his penis the hands of T.M.M." a child under the age of sixteen between September 2011 and July 2012.

Testimony at trial established that the victim told both of her parents, the Gulfport Police Department, and a forensic interviewer that Petitioner touched her inappropriately. *See Harris*, 165 So.3d at 475. Other victims offered similar testimony. *Id*. at 475-76.

The victim's pediatrician testified that there is no way to trace HPV to another person or determine when it was contracted as the virus is extremely common and can be spread while dormant. ([7-5] at 74-76). The doctor also testified that no testing was done to determine whether the bumps were conclusively HPV or genital warts, and that it was possible to spread HPV from one part of the body to another. ([7-5] at 76, 81). Thus, even if Petitioner has medical records showing that he did not have genital warts when the crimes were committed,[1] they would not establish that no reasonable juror could have found Petitioner guilty beyond a reasonable doubt. *Bosley*, 409 F.3d at 665.

As Petitioner did not file his federal habeas petition within one-year of his convictions and he is not entitled to equitable tolling, his habeas claims are time-barred and should be dismissed.

**CONCLUSION**

Petitioner's state court convictions became final on April 14, 2015. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal habeas petition by April 14, 2016. Petitioner filed his Petition [1] on December 13, 2021, more than five years after the deadline. Petitioner has failed to establish that he is entitled to statutory or equitable tolling. Accordingly, he cannot avoid the statutory bar of § 2244(d).

---

[1] Petitioner did not submit any such records.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [6] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 7th day of June, 2022.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE