IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ORVIN HARRIS, #188521,**　　　　　　　　　　　　　　　　**PETITIONER**
also known as Orvin B. Harris

v.　　　　　　　　　　　　　　　　CIVIL NO. 1:21cv392-HSO-MTP

**WARDEN J. VIGILANTE**　　　　　　　　　　　　　　　　**RESPONDENT**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [16]; GRANTING RESPONDENT'S MOTION TO DISMISS [6]; AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on the Report and Recommendation [16] of United States Magistrate Judge Michael T. Parker entered in this case on June 7, 2022, and Respondent Warden J. Vigilante's Motion to Dismiss [6] filed on January 19, 2022. No party has filed an objection to the Report and Recommendation [16], and the time for doing so has passed.

After due consideration of Respondent's Motion to Dismiss [6], the Magistrate Judge's Report and Recommendation [16], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [16] should be adopted in its entirety, that Respondent's Motion to Dismiss [6] should be granted, and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice as untimely.

I.  BACKGROUND

On January 16, 2014, Petitioner Orvin Harris ("Petitioner" or "Harris") was found guilty by a jury in the Circuit Court of Harrison County, Mississippi, First Judicial District, on two charges of touching of a child for lustful purposes in violation of Mississippi Code § 97-5-23(1). *See* R. [7-1] at 14-15, 22-22, 97-98 (filed restricted access). Petitioner was sentenced to a term of 15 years imprisonment as to each count, to run consecutively, for a total term of imprisonment of 30 years, with 10 years of that term suspended. *See id.* at 98-99. Petitioner filed a motion for a new trial, or in the alternative, for acquittal notwithstanding the verdict, which was denied on January 30, 2014. *See* R. [7-2] at 21 (filed restricted access). Petitioner then filed a direct appeal, *see id.* at 22, and on March 31, 2015, the Mississippi Court of Appeals affirmed the trial court's judgment and sentence, *see* R. [7-8] at 3-11 (filed restricted access).

Over six years later, on August 20, 2021, Petitioner filed an application with the Mississippi Supreme Court for leave to proceed in the trial court, which the Mississippi Supreme Court denied on October 14, 2021, on grounds that the petition was time-barred under Mississippi Code § 99-39-5. *See* R. [7-10] at 2, 37 (filed restricted access). Additionally, the Supreme Court found that "each claim related to an evidentiary matter or new evidence" was barred under Mississippi Code § 99-39-21, and Petitioner's ineffective assistance of counsel claims "failed to meet the *Strickland* standard." *Id.* at 2; *see Strickland v. Washington*, 466 U.S. 668 (1984).

On December 7, 2021, Petitioner submitted for mailing the present Petition

for Writ of Habeas Corpus [1] under 28 U.S.C. § 2254, which was docketed by the Clerk of this Court on December 13, 2021. See Pet. [1]. Respondent filed a Motion to Dismiss [6], arguing that the Petition should be dismissed with prejudice as untimely, as it was filed over five-and-a-half years after the filing deadline. See Mot. [6]. To the extent the Petition raised an "actual innocence" argument, which can permit a petitioner to overcome application of the federal limitations period, Respondent asserted that Petitioner in this case had not produced "new evidence sufficient to persuade the Court that 'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 10-11 (quoting McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)).

Petitioner filed a Response [14] in opposition to Respondent's Motion [6], stating that he is illiterate and arguing that his state court counsel was ineffective because he did not advise him when his federal petition for habeas corpus would be due upon the conclusion of his direct appeal. See Resp. [14] at 1-2. Petitioner insists that he has newly discovered evidence demonstrating his actual innocence, and that his "attorney's proformance [sic] fell way belowe [sic] standards of Strickland v. Washington." Id. at 2. According to Petitioner, he discovered a medical report on July 20, 2021, which constitutes newly discovered evidence showing that neither he nor his sexual partner had a sexually transmitted disease (the "STD") that could have been transmitted to a minor victim. See id. at 2-3. Petitioner contends that a hearing will demonstrate his actual innocence. See id. at 4.

3

In Reply, Respondent points out that Petitioner has not stated that he was misadvised in any way concerning the filing deadline and argues that his "unfamiliarity with the legal process, even if that unfamiliarity is due to illiteracy, does not merit equitable tolling." Reply [12] at 3 (quotation omitted). As for the purported newly discovered evidence, Respondent represents that Petitioner was aware of his sexual partner's relevant medical records prior to trial and that the question of whether the partner had the STD "was not the linchpin of the case." *Id.* at 4. To the extent Petitioner requests a hearing in this Court, Respondent contends that he "is not entitled to a federal evidentiary hearing on his claims before this Court." *Id.* at 5. Even if a hearing were warranted, Respondent insists that the record here thoroughly addresses the timeliness issue and is sufficient for a "paper hearing" on the Motion to Dismiss. *Id.* at 7.

On June 7, 2022, the Magistrate Judge entered a Report and Recommendation [16] recommending that the Petition be dismissed with prejudice as time barred. *See* R. & R. [16] at 7-8. Petitioner has not filed any objection to the Report and Recommendation [16], and the time for doing so has passed. *See* Text Order, July 15, 2022 (granting Petitioner an extension of time to July 29, 2022, to file any objection).

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those

4

portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* As the Magistrate Judge explained in his Report and Recommendation [16], Petitioner filed his Petition more than five years after the applicable one-year statute of limitations had expired, and because his first state court application for post-conviction relief was filed well after that deadline as well, he is not entitled to statutory tolling. *See* R. & R. [16] at 2-3; 28 U.S.C. § 2244(d).

Petitioner also has not shown any basis for equitably tolling the statute of limitations, nor has he met the high burden of demonstrating actual innocence. *See, e.g., Holland v. Fla.,* 560 U.S. 631, 649 (2010) (holding that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotation omitted); *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (holding that claim of actual innocence requires new reliable evidence that was not presented at trial, and that a petitioner does not meet the threshold requirement for actual innocence "unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to

find him guilty beyond a reasonable doubt") (quotation omitted).

Because Petitioner's federal habeas Petition was untimely, dismissal with prejudice is warranted. *See* 28 U.S.C. § 2244(d). The Court will adopt the Magistrate Judge's Report and Recommendation [16] and grant Respondent's Motion [6] to Dismiss.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [16] of United States Magistrate Judge Michael T. Parker entered in this case on June 7, 2022, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Warden J. Vigilante's Motion to Dismiss [6] filed on January 19, 2022, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Orvin Harris's Petition for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 11th day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE